IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MAURICE BARKER, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                No. 5:20-cv-5153-PKH

**BILL'S ELECTRIC, INC.**                **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Maurice Barker ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Bill's Electric, Inc. ("Defendant"), he states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.　JURISDICTION AND VENUE

3.　The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.　This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.　Defendant employed Plaintiff at its facilities located within the Fayetteville Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.　THE PARTIES

6.　Plaintiff is an individual and resident of Washington County.

7.　Defendant Bill's Electric, Inc., is a Missouri, for-profit corporation.

8.　Defendant's registered agent for service is Bradley R. Barton at 122 South Main, Suite B, Webb City, Missouri 64870.

9.　Defendant maintains a website at https://beijoplin.com.

## IV.　FACTUAL ALLEGATIONS

10.　Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.　Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12.　Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as machinery, electrical tools, wiring materials, and piping.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant is a company offering electrical design, installation and maintenance services.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant employed Plaintiff as an hourly-paid Master Electrician from December of 2017 to December of 2019.

17. Defendant also employed other hourly-paid employees, including other Master Electricians, Journeymen and Apprentices, within the three years preceding the filing of this lawsuit.

18. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

19. Defendant also classified other hourly-paid employees as non-exempt from the overtime requirements of the FLSA and the AMWA.

20. At all relevant times herein, Defendant directly hired hourly-paid employees to work on its behalf, paid them wages and benefits, controlled their work schedules,

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. As a Master Electrician, Plaintiff was primarily responsible for installing electrical conduit.

22. Other hourly-paid employees had similar duties as Plaintiff.

23. Plaintiff and other hourly-paid employees regularly worked hours for which they were not paid. Specifically, all hourly-paid employees were required to be at work a minimum of ten (10) minutes before Defendant permitted them to clock in.

24. When hourly-paid employees had to travel from Defendant's location to a job site, hourly-paid employees were required to be at Defendant's location thirty (30) to forty-five (45) minutes before Defendant permitted them to clock in.

25. Plaintiff and other hourly-paid employees were required to perform work for Defendant during the ten (10) to forty-five (45) minutes before they were allowed to clock in. Such work included safety inspections, participation in Defendant's required "flex-and-stretch" health program, loading tools and materials, and filling company vehicles with gas.

26. Additionally, Plaintiff and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

27. Defendant rounded hours worked by Plaintiff and other hourly-paid employees in Defendant's favor by rounding down in fifteen (15) minute increments.

28. For example, if an hourly-paid employee clocked in at 5:50 am, Defendant recorded the employee's start time as 6:00 am. Likewise, if an hourly-paid employee clocked out at 5:10 pm, Defendant recorded the employee's end time as 5:00 pm.

29. Plaintiff and other hourly-paid employees regularly worked over forty (40) hours per week.

30. Because Plaintiff and other hourly-paid employees worked hours which went uncompensated, Defendant failed to pay Plaintiff and other hourly-paid employees a lawful overtime premium for all hours worked over forty each week.

31. Defendant knew or should have known that Plaintiff and other hourly-paid employees were working hours off-the-clock for which they were not compensated.

32. Upon information and belief, Defendant's clock-in and rounding policies were the same at all of its locations.

33. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid employees who were, are, or will be employed by

Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

37. Plaintiff proposes the following class under the FLSA:

**All hourly-paid employees within the past three years.**

38. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

40. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were paid hourly;

B. They had substantially similar job duties and responsibilities;

C. They were subject to Defendant's common policy of requiring employees to perform work without compensation before clocking in; and

D. They were subject to Defendant's common policy of rounding employees' work times in Defendant's favor.

41.  Plaintiff is unable to state the exact number of the class but believes that the class exceeds one hundred (100) persons.

42.  Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

43.  The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

44.  The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

45.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

46.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times their regular wages for all hours worked over forty (40), unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

49.  Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

50. Defendant failed to pay Plaintiff for all hours worked, including one and one-half times his regular rate for all hours worked in excess of forty hours per week.

51. Defendant knew or should have known that its actions violated the FLSA.

52. Defendant's conduct and practices, as described above, were willful.

53. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

54. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

55. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

57. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

61. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including one and one-half times their regular rate for all hours worked in excess of forty hours per week.

62. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

63. Defendant knew or should have known that its actions violated the FLSA.

64. Defendant's conduct and practices, as described above, were willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

70. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

71. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

72. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

73. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

74. Defendant knew or should have known that its practices violated the AMWA.

75. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Maurice Barker, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MAURICE BARKER,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com